IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:11-CR-223-ALM-CAN-5 |
| | § | |
| CHRISTOPHER WAYNE ALDRIDGE | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant Christopher Wayne Aldridge's ("Defendant") supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 26, 2023, to determine whether Defendant violated the conditions of his supervised release. *See* Minute Entry for April 26, 2023. Defendant was represented by Assistant Federal Public Defender Sarah Jacobs, and the Government was represented by Assistant U.S. Attorney William Tatum. *See id.*

On November 30, 2012, U.S. District Judge Marcia A. Crone sentenced Defendant to a term of imprisonment of 120 months, followed by a term of supervised release of five (5) years. *See* Dkts. 611, 617. On August 21, 2019, Defendant completed his term of imprisonment and began serving his term of supervised release. *See* Dkt. 851.

On January 5, 2023, the U.S. Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 851). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia

related to any controlled substances, except as prescribed by a physician; (3) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation office, until such time as Defendant is released from the program by the probation officer; and (4) Defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

- On August 18, 2021, Defendant submitted a urine specimen at the U.S. Probation Office which tested positive for marijuana. This test was confirmed by Alere Toxicology. Defendant admitted to the use of marijuana. Further, the specimen was diluted.

- On October 19, 2021, Defendant submitted a urine specimen at the U.S. Probation Office which tested positive for marijuana. This test was confirmed by Alere Toxicology. Defendant admitted to the use of marijuana. Further, the specimen was diluted. On April 28, 2022, Defendant submitted a urine specimen at the U.S. Probation Office which was positive for marijuana. The test was confirmed negative by Alere Toxicology but was diluted. On December 20, 2022. Defendant submitted a urine specimen at the U.S. Probation Office which was positive for marijuana. Defendant admitted to U.S. Probation Officer Rick Ramos to using marijuana/THC 15 days prior to the test. Confirmation testing from Alere Toxicology returned negative results.

- On January 14, 2021, the Plano, Texas, Police Department was called to Defendant's residence regarding a verbal argument with his wife where alcohol was involved. The argument was verbal, and no arrests were made. On February 7, 2022, the Oak Point, Texas Police Department was called to Defendant's residence regarding a domestic dispute. Contact was made with Defendant and his wife who both appeared to be intoxicated. The argument was verbal, and no arrests were made.

- On January 3, 2022 Defendant failed to submit a urine specimen at On-Scene Drug Testing in McKinney, Texas. Defendant failed to submit a urine specimen at McCary Counseling Services in Denton, Texas on April 7, May 23, and December 17, 2022. On June 23, 2022, he failed to submit urine specimen at McCary Counseling by stalling. On June 24, 2022, he failed to submit a urine specimen at the U.S. Probation Office by stalling. On April 22, 2022, Defendant arrived thirty (30) minutes late to his substance abuse group counseling session at Fletcher Counseling in Plano, Texas. He was disorientated, slurring his words and when confronted stated it was his "testosterone." He then tried to leave after 15 minutes and stated he thought group was over. Furthermore, he failed to bring and present his units and presentations for two months. On May 20, June 26, and October 6, 13, and 26, 2022, Defendant failed to attend substance abuse counseling as instructed at Fletcher Counseling.

2

- On April 25, 26, and 27, 2022, Defendant was instructed to report, in person, to the U.S. Probation Office in Plano, Texas. He failed to report as instructed.

*See id.* On April 26, 2023, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for April 26, 2023. Defendant entered a plea of true to Allegations One (1) through Five (5), consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the U.S. Magistrate Judge. *See id.*; Dkt. 872. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

### RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the April 26, 2023 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with twelve (12) months of supervised release to follow. The Court further recommends Defendant be placed at the Federal Correctional Institute, Seagoville in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 28th day of April, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE